And at this time, we'll hear Borenstein versus the Commissioner of Internal Revenue. Thank you. Thank you. Good morning, Your Honors. Kendall Jones from Evershed Sutherland in Washington, DC, representing the appellant, Roberta Borenstein, who is the taxpayer in this case. May it please the court. 22 years ago, the Supreme Court, in a case called Lundy v. Commissioner, resolved a split in the circuit courts in a situation where, one, if a taxpayer hadn't filed a return, two, the taxpayer received an IRS notice of deficiency, three, the taxpayer then petitioned the tax court, and four, the tax court determined that the taxpayer had overpaid his or her taxes. The Supreme Court resolved the question of whether the court had jurisdiction to look back two years or three years prior to the issuance of the notice of deficiency. And the Supreme Court held that under the then-existing Section 6512B of the Internal Revenue Code, the look-back period was two years, not three years. So one year later, in 1997, Congress legislatively reversed the Lundy case, amending Section 6512B3, and it's the proper construction of the 1997 amendment that's at issue today in this case. The tax court held under that amendment, it did not have jurisdiction under the facts in this case to order a refund. However, obviously, we believe that the tax court did have jurisdiction. The facts are very brief, your honors. The taxpayer timely paid her 2012 taxes. She asked for an automatic extension of time, extending the due date from April 15th to October 15th, 2013, but she didn't use the extension. She didn't file a return before the IRS issued a notice of deficiency. She didn't file any return at all until- She filed a return two months after the IRS issued the notice of the deficiency. But if- She paid on April 15th to 12th. Didn't she pay something then? She had prepaid with estimated taxes and made an additional payment on the due date, April 15th. $40,000. Yes, yes. So under applicable statutes, all those taxes were deemed paid on that date. And she was fully and timely paid for taxes. The tax court, after the parties had had their settlement discussions, determined there was no deficiency. Indeed, she had overpaid her taxes by a slight amount. The tax court and the government agree, I believe, your honors, that had the taxpayer not filed an extension, again, one that she did not use. If she had not filed that extension, we wouldn't be having this issue here today. The tax- If she doesn't use it, it doesn't mean anything. I mean, the statute doesn't say, if you don't use the extension, it doesn't matter. You don't, you're not, there's a different computation. It says with extensions, it says the due date with extensions, right? That is what this statute says, your honor. Right, and that's, well, that's what we've got to deal with, right? Right. Okay. But the implication of your question is that we treat the phrasing in this statute of with extensions, just as we do in the context of hundreds of other statutes that refer to a taxpayer's right to an extension. And it's an important difference, the context of the statute, your honor. In the hundreds of situations in the code where a taxpayer has the right to request an extension to perform an act or make a payment, the taxpayer is being granted relief. This statute, 6512, doesn't do anything in terms of granting the taxpayer relief. It simply determines under the look back rules, the applicable look back period. An example, the government in its brief, I believe, conflated or decided that the extended due date becomes the due date for all purposes. That's simply not true, and I can give you an example. If a taxpayer asked for an extension from April 15th and then didn't file on the extended due date of October 15th, but let's say filed in December and owed tax to the government, the government under section 6651 would compute a late filing penalty beginning on April 15th, because the extension wasn't used. On October 15th? No, it would be from the original due date, because again, the extension was never used. Yeah, but she, yeah, she didn't use it. She never filed until after, I mean, she never filed until June of 2015. She's a little late. Yes, she was late, but fully paid in her taxes. Overpaid, overpaid. I understand. Overpaid. Overpaid. Let me ask you this, under your reading of the statute, the extension period gets added on after the three years, correct? It's added on during the third year. Yes, but the look back period is only three years. It is. So what's the purpose of that extension period? It seems to have no function. It could have a function if the taxpayer had made a payment of taxes later after the extended due date. So taxpayers will often make payments, for example, on the extension date, or thereafter as they can afford it. And so in- What would be a payment in the period of, with your reading, say the extension was six months. So you'd go out three years and six months and then look back, right? Yes. So what if they'd made a payment in the six months between the time of the original time for filing, April 15, and six months thereafter, up until October? They wouldn't be able to get that, right? That's correct. So your reading of it has a black hole in it too, just like the unfortunate situation she found herself in, which the IRS says is the first time this has ever happened in 20 years. An assertion that we- So your absurd result argument of a black hole creates a black hole. It creates a black hole that may or may not exist for a taxpayer, depending on when they made their payments. Well, it didn't exist for anybody else for 20 years until your client fell into it. That's true, but- So why would we adopt another one so that, Justice Cardozo, or Judge Cardozo once said that every time he thought he was making a rule, he thought the tumblers of human experience were immediately beginning to interact to create the absurd result of the rule that he was creating. I mean, why would we do what you ask us to do, only to have human experience produce that result within a year or two? Because if a court is presented with two alternatives in interpreting a statute, and one of them does a much better job of furthering congressional purpose or meeting- That black hole no different than the government's, it's just a different time period. I don't see how that does a better job. Because there are- It gives your client relief, but that's not a better job to someone else who falls into the new black hole you've created. Well, Your Honor, we responded to the government's assertion that this is the first time or one of the few times. There's probably a reason for that. As we pointed out in our brief, the government back almost 20 years ago in litigation in the tax court, told the tax court there was an absolute uniform three year period. Is your answer to the new black hole argument that the new black hole would exist only to the extent that it is more than three years? It is more than a three year look back. Yes. And a three year look back is what Congress tried to establish in overruling Lundy. Yes. So you've got this three, you're looking back three years, and it's the same black hole that would exist if you wanted to look back four years, but you couldn't. You can still look back three years. Yes, you can still look back three years. So. But your reading of it recognizes that there's a distinct possibility that the extensions will create a longer period, a period in which there will be from the time of the original time to file. Yes. Black hole, if there's any payments made within the period of time of the extension. Yes, your honor. And another issue we didn't talk about, but in answer to one of your earlier questions. This is the only place in the internal revenue code that the words with extensions appears in parentheses. There must have been an intended meaning for those parentheses. This wasn't a statute that was granting a taxpayer relief or telling the taxpayer they had more time to do something. The only logical reason is the cross reference to 6511. Looks like he was trying to bring this statute into sync with the statute that governs claims that go directly to the district court. Where the statute said, plus the extension period. Yes. So with and plus, they're different words, but I don't think they jump out as suggesting a different result. I can't explain why Congress used the word with over plus, your honor. But there was no reason for them to be looking at the other 400 statutes that grant taxpayers relief and additional time. That wasn't the issue. The issue was what had the Supreme Court said in Lundy, and how to overcome that problem. So they naturally had to look to section 6511, that's what 6512 requires. You have no rebuttal? No rebuttal. So we will not hear from you again, we'll hear from your adversary. Thank you, your honors. May it please the court, my name is Ivan Dale on behalf of the Commissioner of Internal Revenue. So the problem with the taxpayer's argument in this case is that she is asking this court to expand the tax court's jurisdiction to award a refund by interpreting a statute to mean exactly the opposite of what the words of the statute say. You're among- To say plus instead of with. So- Which is a choice Congress makes sometimes in other contexts. Here they said with, but they could have said plus. Well, I'd like to explain where I'm coming from. So the operative words of the statute are during the third year after the due date with extensions for filing the return. Correct. So the tax court's jurisdiction to order a refund turns on whether the deficiency notice was mailed during the third year. And that third year is measured by reference to a due date. Now the taxpayer got an extension to her due date, making it due October 15th, 2013. The problem with the taxpayer's argument in this case is the only way that the deficiency notice was mailed during the third year after the due date is if the due date is calculated without regard to the extensions. In other words, the taxpayer must show that the notice of deficiency was mailed during the third year after the due date. Without regard to extensions. The tax court relied on the principle of the last antecedent and said that the last antecedent of the parenthetical is due date. But the last antecedent rule of canon says you look to the last antecedent word or phrase. Now the court looked to the last antecedent word, which is a binary word, due date. But the last antecedent phrase is during the third year after the due date. And the third year after the due date with extensions brings you to three and a half years. Right. With the extension stuck on at the end. Well, no, it would be a third year that commences two years after the due date with extensions. Do you think that Congress intended to create the hole, the black hole, the gap, or whatever you want to call it? Or do you think it's just an oversight? So, I mean, Congress intended to remedy the result in Lundy. And it did do that. The taxpayer in Lundy would get a refund under the statute as it applies now. Taxpayers' complaint is that remedy was incomplete, that it should have encompassed more taxpayers. I don't know what Congress intends. I know what the words of the statute say. Because what your adversary is saying is that once you have three years and six months, once you have three years and six months, then at the end of the three years and six months, you can look back three years. And that seems to be the goal of Congress, was to allow a three-year look back. Now, if you pay money, you make an overpayment, then you wait three and a half years, or you wait four years, you can't look back any further. But you can certainly look back three years. You can look back three years. Three years without a gap. Because a gap doesn't really make any sense. So you can only look back three years if the notice was filed during the third year after the due date with extensions. You can't look back three years if the notice was mailed during the second year. You can't look back three years if the notice was mailed during the fourth year. You can only look back if the notice was mailed during the third year after the due date. ...deficiency that starts or determines the clock. But if you file, the notice of deficiency was here preceded the filing. I mean, if she had filed at some point in time before a notice of deficiency, then there would be no problem, right? Right. If she filed her return before the notice of deficiency and showing a refund, she could have gotten that refund. Sure. But she didn't. But she didn't. She got a notice of deficiency. And so, but I guess the problem I have is that reading it the other way creates an equally, an area from what I always think of as that dreaded day, April 15th, happens to be the day my son was born. So at least it has some pleasure associated with it, April 15th. So it does create a period of time, if we take their reading of it, where there's an extension that you add on to the three years and guarantees that there'll be a period of time from the original due date out, whatever the length of the extension is, in which you can't recover as long as it's out. That's correct, because the look back period is three years. Whereas the look back period for a refund claim is three years plus the period of any extension. It is. Right? So there's two periods here. One is sort of the triggering period. And the triggering period is, was the notice of deficiency mailed during the third year? Right. If you satisfy that criteria, then you get a three year look back period. Because that's when you finally know what the IRS thinks you owe. Right. You shouldn't be like Lundy, who was penalized because of the fact that it could only look back two years, right? And the deficiency was served outside of that, is that right? Well, yes, that's right. I mean, I don't know that it's a penalty. Like I said, before this statute, she wouldn't have gotten a refund in tax court. I mean, it's a jurisdictional grant to the tax court. She even still could have, instead of petitioning the tax court, she could have gone to district court. Right. So it's a jurisdictional grant to the tax court. And you're correct that the taxpayer's argument would put the gap on the end rather than on the front end. The gap you're talking about is the gap that requires one to look back more than three years from the time that the notice of deficiency is served. The gap that you're talking about, the front end, is a gap that's created because you're only able to look back three years. But looking back three years is what the statute is intended to allow people to do. Right. So I'm not sure it's a gap anymore than it would be a gap if the person waited four years or five or ten years. Sure. That's a gap. Sure. But it's a gap because Congress only allows you to have to look back for three years and to fix your deficiency, I shouldn't say deficiency, to fix your failure to make the filing for three years. Isn't there another principle at work here that if there's an ambiguity or complexity, I mean there's a lot of complexities in the IRS code, that you look at it from the point of view of the taxpayer? Isn't that even more so the case where the taxpayer is overpaid and the government wants to glom onto that money and not give it back? So there's definitely not a general principle that grants of tax court jurisdiction are resolved favorably to the taxpayer. It's a jurisdictional grant. But it's ambiguous. Would you concede if we spent all this time discussing what it means that there's ambiguity in the language? There might be ambiguity as to whether with extensions also modifies third year. That's it. Or whether it says with or it means plus. But right. And even if it says plus, we win. And here's why. Tell me why. During the third year after the due date, her due date was October 15th, 2013. The third year after the due date commenced on October 15th, 2015 and ended on October 24th, 2016. The notice was not mailed during that period. The only way the taxpayer prevails is if she convinces the court that this statute means during the third year after the due date without extensions. The third year has to be mailed from the original return due date for taxpayer prevail. You're doing the same thing again. You're saying it's due date with extensions. Whereas it can easily be read as during the third year after the due date with extensions. Right. But the due date is still. Which doesn't say where you stick the extensions. Okay. But even if you stick it up front, the due date for her return in my mind was October 15th. That's if you stick it up front. What if you stick it at the back? That was the purpose of it. They extended it for her. Right. The due date. She didn't owe the money. According to the IRS, she did not owe the money on April 15th. She owed the money on October 15th. Well, whether she was entitled to a refund or not is a separate matter. But the due date, where had she owed money, she would have had to pay it, was October 15th. Correct? Correct. And that's a function of the fact of IRS law that the IRS can extend a due date. Right. So, and I see that I'm out of time. But I just want to point out, if the statute had meant due date without extensions, right, because in the very next section, 6513A, it says, for purpose of this subsection, the last day prescribed for filing the return shall be determined without regard to any extension of time granted the taxpayer. Let me ask you this question. Absent that, the due date is the extended due date. Suppose under your analysis, the notice of deficiency is sent after two years and nine months. Can the taxpayer recover an overpayment that was made? Yes. But then the person would have to look back more than three years. Yes. You'd have to look back more than three years because you have six months plus year one, plus year two, plus nine months of year three. Now you're looking back more than three years. Wait a minute. You're saying two years and nine months after the due date as extended? That's correct. Well, I don't know. You're saying as extended. I'm saying... After the due date, as it existed at the time. Yes. Two years and nine months. You don't get that. It looks like they don't get that third year at all because they only get half that third year because six months of that three-year period has already been used up in the extension period, which doesn't do anything except create the black hole. That's right. You wouldn't get anything paid before the three-year look back. Three years is 36 months. Right. So if you take two years, six-month extension, plus nine months of year three, you can't look back three years. In other words, it looks like your reading of this thing creates a shambles, frankly. Well, no. You can look back three years. You get... If you take nine months of what you're calling year three, you can't look back to the date of the overpayment, the original due date. Because the date of the overpayment was more than three years. For whatever reason. For whatever reason. But if she had made later payments, then you would get the three-year look back. Well, if... I mean, I'm just saying that... You're describing... Your analysis, you're talking about three years plus six months at the front. And that's all very well, except that if the notice of deficiency is sent out in the ninth month of what you're calling the third year, you can't look back that far because that will exceed three years. And you never get more than three years of a look back. Well, you do look back three years, but the payment wasn't made in those three years. You look back three years, but if the notice of deficiency is served in the ninth month of what you're calling year three, you can't look back that far because that gets to be 42 months instead of 36 months. So the look back period is... The look back period means that any taxes paid during that look back period may be refunded. That's right. Under my reading, and you're hypothetical, any taxes paid during the three-year period are refundable. The problem would be is that this taxpayer wouldn't be able to recover because her payments were made prior. Frankly, I'm not that concerned about this taxpayer. I'm concerned about reading a statute. And under your reading of it, the third year granted by Congress would only be six months long because you can only look back three years. That is to say 36 months. That's not true. Because you would still look back three years and get the payments during that three-year period. Yes, but that three-year period would... Six months later. Six months later. Right. And six months after almost everybody has paid their taxes. Okay. Yes, that's correct. But most people pay their taxes prior to the return due date. Yes, but if you get an extension, you may pay... You may pay later. You may pay later, and then you're not really going to be able to look back the full three years with extensions. If you pay on the extended due date, you would get it back. You would get that back, and you would be within the three-year period, whereas under taxpayers' reading, you wouldn't get back what you paid on the extended due date. I was never that great on arithmetic, but for under 100, I think I can manage it. And if the notice of deficiency is in the ninth month of what you're calling year three, you get to look back 36 months, and that means that any payment made in the extension period cannot be reached by looking back 36 months. Right? I'm not sure I understand that question. No. I'm trying to understand it. Thank you very much. All right. Thank you, Your Honor. Thank you. We will reserve decision. The last case on calendar is United States v. Adams, which we have taken on submission. That's the last case on calendar. Please adjourn to court.